No. 24-5502

---

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

LARRY S. SMITH,

*Plaintiff-Appellant,*

- v. -

NEWPORT UTILITIES,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
Case No. 2:22:cv-00112

---

**REPLY BRIEF OF PLAINTIFF-APPELLANT LARRY S. SMITH**

---

Ben W. Hooper, III, Esq.
CAMPBELL & HOOPER
335 East Main Street
Newport, Tennessee 37821
(423) 623-3082
bwh3rd@yahoo.com

Jeffrey C. Taylor, Esq.
TAYLOR LAW FIRM
365 West Third North Street
Morristown, Tennessee 37814
(423) 586-6812
jeff@taylorlawfirmtn.com

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS


**Page**

REPLY ARGUMENT ..... 1

I. SMITH IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON HIS CLAIMS OF DISABILITY DISCRIMINATION ..... 1

A. Newport Utilities' representation of the essential functions of the Bucket Foreman and Lineman jobs to the Court are misleading and are unsupported by the evidence ..... 1

B. Newport Utilities did not engage in the Interactive Process in April or May 2021 ..... 3

C. Newport Utilities' misstatement of facts shows animus toward Smith which lead to motivation to violate ADA ..... 6

D. Newport Utilities again misleads the Court to believe it considered Dr. Arvo Kanna's March 2021 Report ..... 7

CONCLUSION ..... 8

CERTIFICATE OF COMPLIANCE ..... 10

CERTIFICATE OF SERVICE ..... 10

ADDENDUM ..... 11

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

Hostettler v. College of Wooster,
895 F.3d 844 (6th Cir. 2018) ........ 2

**Statutes, Rules, Constitutional Provisions**

29 C.F.R. § 1630.2 (n)(1) ........ 2

29 C.F.R. § 1630.2(n)(3) ........ 2

# REPLY ARGUMENT

## I. SMITH IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON HIS CLAIMS OF DISABILITY DISCRIMINATION

### A. <u>Newport Utilities' representation of the essential functions of the Bucket Foreman and Lineman jobs to the Court are misleading and are unsupported by the evidence</u>.

Newport Utilities represents the reason it did not return Smith back to work in the bucket foreman or lineman position due to the requirement that Smith had to be available to perform "standby" and "overtime work." In reality, standby work and overtime work were optional. Standby and overtime are not essential functions of those jobs under the ADA and the opinions from this Court. Smith's immediate supervisor Woods and other Newport Utilities Management members testified when Newport Utilities contacts an employee to notify that employee of the need to work standby and overtime, if the employee does not answer the call or simply rejects the request to work those hours of standby or overtime, Newport Utilities simply calls the next employee on its list. (Woods Dep., RE 22-3, Page ID # 431, 432; Williamson Dep., RE 22-4, Page ID # 439; Smith Dep., RE 22-1, Page ID # 303, 304). Those employees rejecting or simply avoiding the request for standby work are not subject to any disciplinary or adverse employment action. (Id.).

Accordingly, Newport Utilities' representations to the Court that standby work is mandatory and is an essential function of the bucket foreman and lineman jobs is not credible. This evidence shows Smith was otherwise qualified to perform the

bucket foreman and lineman jobs. At a minimum, based upon this Court's authority in Hostettler, the aforementioned evidence creates a disputed material fact that Newport Utilities failed to accommodate Smith by not returning him to work.

> To show that she is otherwise qualified for a position - and thus meet her *prima facie* burden - an employee must show that she can perform the essential functions of a job with or without an accommodation. "A job function is essential if its removal would fundamentally alter the position." *Mosby-Meachem v. Memphis Light, Gas & Water Div.*, 883 F.3d 595, 603 (6th Cir. 2018) (quoting *Kiphart v. Saturn Corp.*, 251 F.3d 573, 584 (6th Cir. 2001)). Put another way, essential functions are the core job duties, not the marginal ones. 29 C.F.R. § 1630.2 (n)(1).
>
> This analysis does not lend itself to categorical rules - it is "highly fact specific." *Mosby-Meachem*, 883 F.3d at 605 (quoting *Hoskins v. Oakland Ct y. Sheriff's Dep't* 227 F.3d 719, 726 (6th Cir. 2000)). Although this court has stated that "[r]egular, in-person attendance is an essential function" of most jobs, *EEOC v. Ford Motor Co.*, 782 F.3d 753, 762–63 (6th Cir. 2015) (en banc), it is not unconditionally so; courts must perform a fact-intensive analysis. In determining what functions are essential, courts may consider as evidence - among other things - the consequences of not requiring the employee to perform the particular function. 29 C.F.R. § 1630.2(n)(3). … After all, the burden of making out a prima facie case is not an onerous one. *See, e.g., Ferrari*, 826 F.3d at 894.
>
> Hostettler v. College of Wooster, 895 F.3d 844, 854-855 (6th Cir. 2018).

**B. Newport Utilities Did Not Engage in the Interactive Process in April or May, 2021.**

Newport Utilities does not dispute it never met or spoke with Smith between the time Dr. Bishop re-evaluated Smith and issued revised and lessened return to work

restrictions in April 2021 and the date Newport Utilities made the decision to terminate Smith (or give him option to retire versus termination). (Frisbee Dep., RE 22-2, Page ID # 394, 403-405; Williamson Dep., RE 22-2, Page ID # 440, 441, 446; Woods Dep., RE 22-3, Page ID # 429, 430; Smith Dep., RE 22-1, Page ID # 337, 338). Although Newport Utilities failed to engage Smith in the ADA required interactive process, Newport Utilities admits it knew Smith desired to return to work. (Brief of Appellee, Newport Utilities, RE Appeal 18, Page ID # 33). Newport Utilities cannot present any testimony or documentary evidence that it engaged in the interactive process with Smith to discuss his interest and ability to perform his former job with accommodation, or perform open and available work such as the Waste Water Technician and Customer Service Representative jobs or related training. (Frisbee Dep., RE 22-2, Page ID # 403, 404). This is because Newport Utilities never attempted to meet with or speak with Smith to engage in the required interactive process. Frisbee admits to not engaging in any interactive process with Smith. (Frisbee Dep., RE 22-2, Page ID # 405). Newport Utilities relies solely on its alleged limited internal discussion of Smith's ability to return to work as its compliance with the required interactive process. Notably, Newport Utilities' internal conclusion Smith could not return to any available jobs was based on Dr. Bishop's restrictions. Dr. Bishop's restrictions were focused solely on Smith's performance of the bucket foreman job - no other job was presented to

Dr. Bishop as a possibility. Dr. Bishop's April 2021 restriction states: "for him to **operate with CDL**, he should not exceed 40 hours duty and have no standby duties." (Frisbee Dep., RE 17-2, Page ID # 233).

Newport Utilities testified Smith was not qualified for the Waste Water Technician and Customer Service Representative jobs in part due to standby and overtime. Similar to the facts above, standby and overtime are admittedly not essential functions of those jobs. (Denton Dep., RE 22-5, Page ID # 452). Newport Utilities does not present any evidence that these jobs require a commercial driver's license (CDL). Newport Utilities did not request and Dr. Bishop did not consider the Waste Water Technician or Customer Service Representative duties or issue any opinion of whether Smith was restricted in any manner from performing those jobs. Neither of those jobs require a CDL. Newport Utilities inappropriately and illegally relied on Dr. Bishops' bucket foreman restrictions (CDL job) in disqualifying Smith from the Waste Water Technician and Customer Service Representative positions. Newport Utilities' Wastewater Supervisor testified Neither Frisbee nor any management employee ever asked him if there was work available for Smith in the Wastewater Division. (Denton Dep., RE 22-5, Page ID # 451). Denton admitted that Newport Utilities had hired individuals to fill jobs in the Wastewater Division in the 2-3 years before and after Smith was terminated. (Id.) Newport Utilities failed to appropriately consider Smith for the open and

available positions in the Waste Water Treatment and Customer Service departments.

Newport Utilities does not deny these positions were open. Newport Utilities misleads the Court suggesting "the undisputed record evidence demonstrates that no other positions were available in April 2021 that would have met Plaintiff's restrictions or for which he was qualified." Newport Utilities took the opportunity of using Dr. Bishop's bucket foreman related restriction to disqualify Smith from the Waste Water Technician and Customer Service Representative positions, quoting Frisbee in the Newport Utilities brief: "Plaintiff could not perform … the wastewater maintenance position similarly required mandatory overtime and standby work - an essential function that Plaintiff could not perform with his restrictions [CDL job restrictions]… the customer service position also required mandatory overtime and Plaintiff did not have the qualifications or experience for a computer-based customer service position." (Frisbee Dep., RE 17-2, Page ID # 212, 216).

Frisbee's assertion that Smith was not qualified for the Waste Water Technician and Customer Service Representative positions because one required "training and certification" and "experience with computer based systems and prior customer service" is not credible. Newport Utilities provides no evidence that Smith was not trainable or that he was not capable of earning a certification. Further, Frisbee

admitted that Smith maintained a computer tablet in his Bucket Foreman truck that he used to perform his computer related duties, including data entry, work orders and enter other data - without any performance issues. (Frisbee Dep., RE 17-2, Page ID # 121-123). Smith met the qualifications of these two jobs. Newport Utilities presents no credible evidence that Smith could not safely perform the above Waste Water Technician and Customer Service Representative jobs with or without reasonable accommodation (i.e. training). Newport Utilities' decision to disqualify Smith from these positions supports Smith's claim that Newport Utilities failed to engage Smith in the interactive process or provide him reasonable accommodation - and certainly establishes a disputed issue of material fact.

### C. <u>Newport Utilities misstatement of facts shows animus toward Smith which lead to motivation to violate ADA</u>.

Newport Utilities again misleads the Court asserting Smith intentionally "did not show up" for an October 6, 2021 appointment with Dr. Bishop, the physician hired by Newport Utilities to evaluate Smith because Frisbee did not like Dr. Conway's release of Smith to return to work in October 2020 for up to 55 hours per week. The undisputed facts show Smith had not been notified and was unaware he had been scheduled for an evaluation with Dr. Bishop on October 6, 2021. (Smith Dep., RE 22-1, Page ID # 321). Newport Utilities' repeated effort to

mislead the Court in this appeal is evidence of Newport Utilities' efforts to wrongfully convince the Court Smith was not fit to work or even worthy of the interactive process and reasonable accommodations rights afforded to disabled workers under the ADA.

### D. <u>Newport Utilities again misleads the Court to believe it considered Dr. Arvo Kanna's March 2021 Report</u>.

In its brief, Newport Utilities dedicates more than a page discussing Dr. Kanna's March 2021 report related to Smith. Newport Utilities suggests Dr. Kanna's report is evidence Smith was not capable of performing his job or jobs with Newport Utilities - suggesting the Kanna report is evidence Newport Utilities did not violate the ADA. However, Newport Utilities fails to advise the Court that as of May 11, 2021, the date of Smith's termination, Newport Utilities' decision makers testified they had not considered and did not even possess Dr. Kanna's March 2021 report, any disability application or Dr. Kanna's opinion of Smith's ability to work. (Frisbee Dep., RE 22-2, Page ID #393). Newport Utilities' representations related to Dr. Kanna's report is yet another attempt to mislead the Court regarding its effort or lack thereof to interact with and/or reasonably accommodate Smith. Newport Utilities should not be permitted to now base its employment decisions with Smith on a medical report/opinion it did not possess at or prior to the date of termination. Newport Utilities' attempt to rely on Dr.

Kanna's report in its defense of this claim is indicative of Newport Utilities' disregard for their ADA obligations.

## CONCLUSION

Larry Smith's health condition was under control at the time Newport Utilities made the decision in May 2021 to terminate his employment. He had been free of any stare episodes. As of April 2021, Dr. Bishop, Newport Utilities' physician, lessened the restriction allowing Smith to drive CDL vehicles at work. Newport Utilities should not be allowed to avoid liability under the ADA by merely contending "standby" work was an essential function of the bucket foreman and lineman jobs, when in reality it was an optional function. At no time to date did Smith lose or experience any suspension of his CDL. Newport Utilities' decision makers admit they never interacted with Smith in any manner regarding his ability to return to work, perform any jobs, or available training or job modifications. Further, Newport Utilities' reliance on Dr. Bishop's restrictions focused solely on the bucket foreman job and not on the Waste Water Technician or Customer Service Representative positions and cannot be considered to determine if Smith was safe or qualified to perform the essential functions of those open positions. The undisputed record evidence establishes Newport Utilities violated Larry Smith's ADA rights. At a minimum there are disputes of material facts that entitle

Larry Smith to recovery under the ADA as a matter of law. For these reasons, Larry Smith respectfully requests this Honorable Court to reverse the District Court's grant of summary judgment and REMAND to the District Court for trial on the issue of disability discrimination in violation of the Americans with Disabilities Act.

Respectfully submitted,

*/s/ Ben W. Hooper, III*

**Ben W. Hooper, III** (BPR #13831)
CAMPBELL & HOOPER
335 East Main Street
Newport, Tennessee 37821
(423) 623-3082
bwh3rd@yahoo.com

*/s/ Jeffrey C. Taylor*

**Jeffrey C. Taylor** (BPR #13436)
TAYLOR LAW FIRM
365 West Third North Street
Morristown, Tennessee 37814
(423) 586-6812
jeff@taylorlawfirmtn.com

Attorneys for Plaintiff-Appellant

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,019 words, as determined by the word-count function of Microsoft Word.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 24, 2024

*/s/ Jeffrey C. Taylor*
**Jeffrey C. Taylor**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

**Mark E. Stamelos, Esq.**
**Paige M. Lyle, Esq.**
FORDHARRISON LLP
150 Third Ave South, Suite 2010
Nashville, Tennessee 37201
mstamelos@fordharrison.com
plyle@fordharrison.com

*/s/ Jeffrey C. Taylor*
**Jeffrey C. Taylor**

**ADDENDUM**
**Designation of Relevant District Court Documents**

| Document Title | Record Entry (RE) | Page ID # |
|---|---|---|
| Deposition Excerpt – Connie Frisbee | 17-2 | 121-123, 212, 216, 233 |
| Deposition Excerpt – Larry Smith | 22-1 | 303, 304, 321, 337, 338 |
| Deposition Excerpt – Connie Frisbee | 22-2 | 393, 394, 403, 404, 405 |
| Deposition Excerpt – Kevin Woods | 22-3 | 429, 430, 431, 432 |
| Deposition Excerpt – Curtis Williamson | 22-4 | 439, 440, 441, 446 |
| Deposition Excerpt – James Denton | 22-5 | 451, 452 |
| Brief of Appellee, Newport Utilities | Appeal 18 | 33 |